FILED
IN CLERKS OFFICE

2018 MAR -5 PM 3: 59

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Pankaj Merchia<br>617 BOYLSTON ST<br>BROOKLINE, MA 02445<br>voice: 617-401-8929<br>fax: 617-321-1963<br>email: pmerchia@gmail.com<br><br>     Plaintiff,<br><br>v.<br><br>United States of America<br>Internal Revenue Service<br>David Kautter, Commissioner<br>1111 Constitution Avenue, NW<br>Washington, DC 20224<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR TAX REFUND

## Jurisdiction

1. This court has jurisdiction pursuant to 28 USC 1346 et al
   since this complaint concerns taxes erroneously collected.

## Venue

2. This court is an appropriate venue pursuant to 28 USC 1396
   et al since the Plaintiff resides in Massachusetts.

## Statement of Claim

3. On January 31, 2013 Plaintiff filed a tax return form 1040
   for tax year 2012 where Plaintiff erroneously included the
   amount of a promissory note ("evidence of indebtedness")
   towards income in 2012.

4. On June 5, 2014, based on guidance from CPA Mr. Albert Kassis, Plaintiff filed an amended tax return form 1040x that correctly excluded the promissory note from income for 2012.  This is specifically based on 26 CFR 15a.453-1 that states "the term "payment" does not include the receipt of evidences of indebtedness of the person acquiring the property".

5. On October 1, 2015 IRS Examination Supervisor Teresa Peters informed Plaintiff that while she had no evidence supporting Plaintiff having received the funds of the promissory note, she would not exclude it and that Plaintiff may file an appeal.

6. On December 14, 2015 IRS appeals officer Alice Bucciero conceded that Plaintiff should not be taxed on the amount of the promissory note and offered to issue Plaintiff a refund based on approximately 97% of the amount of the promissory note.

7. On January 7, 2016, IRS appeals officer Alice Bucciero sent Plaintiff a settlement offer 870AD that would result in Plaintiff being issued a tax refund based on about 97% of the amount of the promissory note.  However, this offer also assessed a penalty for tax year 2009 of $8,293.40 under IRC 6662.

8. In January 2016 Plaintiff informed Ms. Bucciero that the penalty under IRC 6662 for 2009 was unlawful by the plain English of the statute and she responded that if Plaintiff did not accept the penalty then the entire offer would be rescinded.

9. On June 2, 2016 Ms. Bucciero's manager, IRS Appeals Team Manager, sent Plaintiff a Notice of Determination that included the full amount of the promissory note in Plaintiff's income for 2012.

10.    Of note, on November 15, 2017, the honorable Judge Gustafson of the US Tax Court decided "there are no penalties due from petitioner (Plaintiff) for the taxable

years 2009, 2010, and 2011, under the provisions of IRC
6662".

## Relief

11.     Plaintiff hereby asks this honorable court to Order
the IRS to:

   a. Refund all taxes collected based upon the promissory
      note amount along with interest.

   b. Refund any and all penalties assessed by the IRS
      relating to its erroneous inclusion of the promissory
      note in Plaintiff's income including effects on other
      tax years.

   c. Pay the Plaintiff for his costs associated with filing
      protests, tax court cases, and this federal district
      court case since at least from the time of the review
      of IRS examination manager Theresa Peters in 2015 the
      IRS has known that a refund was due.

   d. Make the Plaintiff whole for his economic losses
      resulting from the IRS's willful withholding of a
      refund that the IRS has known was due for over three
      years.

   e. Provide any and all other just relief that this court
      can provide.

## Certification and Closing

12.     Under Federal Rule of Civil Procedure 11, by signing
below, I certify to the best of my knowledge, information,
and belief that this complaint: (1) is not being presented
for an improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of
litigation; (2) is supported by existing law or by a
nonfrivolous argument for extending, modifying, or
reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will
likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and (4)

the complaint otherwise complies with the requirements of
Rule 11.

13.     I agree to provide the Clerk's Office with any changes
to my address where case☐related papers may be served. I
understand that my failure to keep a current address on
file with the Clerk's Office may result in the dismissal of
my case.

14. Trial by Jury Requested.

Humbly and Respectfully,

*P. Merchia*

Pankaj Merchia
617 Boylston St
Brookline, MA 02445
Voice: 617-401-8929
Fax: 617-321-1963
email: pmerchia@gmail.com

4