UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PANKJ MERCHIA,
    Plaintiff,

    v.                                        CIVIL ACTION NO.
                                              18-10424-PBS

UNITED STATES OF AMERICA,
    Defendant.

**MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION TO AMEND COMPLAINT
(DOCKET ENTRY # 35)**

**June 17, 2019**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to amend the complaint filed by plaintiff Pankj Merchia ("plaintiff" or "Merchia"). Defendant United States of America ("defendant" or "United States") opposes the motion. (Docket Entry # 42). After conducting a hearing on March 6, 2019, this court took the motion (Docket Entry # 35) under advisement.

PROCEDURAL BACKGROUND

Merchia initiated this action on March 5, 2018 by filing a complaint against the United States for "taxes erroneously collected." (Docket Entry # 1, p. 1). On December 31, 2018, Merchia moved to amend the complaint to add claims against individual agents of the Internal Revenue Service ("IRS") for

"willful[ly] withholding" his tax refund and for levying his

bank accounts and placing liens on his property, despite knowing

for more than four years that the IRS owed him a refund of over

$4 million. (Docket Entry # 34, pp. 7-10). As best as can be

discerned from the proposed pro se amended complaint, which is

largely bereft of statutory citations, it includes claims

against the United States, "Commissioner of the IRS" John

Koskinen ("Koskinen"), "officer Alice Bucciero of IRS appeals"

("Bucciero"), "IRS revenue agent Mia Alonzo" ("Alonzo"), "IRS

Examination Supervisor Teresa Peters" ("Peters"), and "at least

6 other unnamed IRS employees in their individual capacity" for:

(1) reckless, intentional, or negligent disregard of IRS

regulation 26 C.F.R. § 15a.453-1 in violation of 26 U.S.C. §

7433 ("section 7433") (Count One);[1] (2) knowing or negligent

---

[1] For ease of reference, this court refers to each of the four
claims in the proposed amended complaint as a separate "count"
even though the proposed amended complaint does not designate
claims into "counts." As to Count One, the proposed amended
complaint cites only to 26 C.F.R. § 15a.453-1, which pertains to
the reporting of "'evidences of indebtedness'" in the context of
real estate sales for purposes of tax liability, 26 C.F.R. §
15a.453-1, and alleges that IRS employees willfully disregarded
this regulation when they refused to adjust plaintiff's tax
liability for 2012 when he filed an amended return in 2014.
(Docket Entry # 34, pp. 3-4). Because 26 C.F.R. § 15a.453-1
does not provide a private cause of action, this court construes
Count One as seeking relief under 26 U.S.C. § 7433, which
provides a cause of action for reckless, intentional, or
negligent disregard of any provision of the Internal Revenue
Code or regulation promulgated under it "in connection with any
collection of Federal tax" by "any officer or employee of the
Internal Revenue Service." 26 U.S.C. § 7433(a).

failure to release a tax lien (Docket Entry # 34, p. 8),
presumably in violation of 26 U.S.C. § 7432 ("section 7432"),
which allows civil actions against the United States for failing
"to release a lien" (Count Two); and (3) erroneous or illegal
assessment and collection of taxes in violation of 26 U.S.C. §
7422 and 28 U.S.C. § 1346 (Count Three).[2]  (Docket Entry # 34).
The proposed amended complaint also sets out <u>Bivens</u> claims
against the individual IRS employees (Count Four).  (Docket
Entry # 34).

The United States seeks denial of the motion to amend the
complaint because the proposed amended "complaint would not
survive a motion to dismiss" and is therefore futile.  (Docket
Entry # 42, p. 1).  It argues that the amendments are futile
because they attempt to "assert a *Bivens* cause of action where
an alternate statutory remedy exists" and because "plaintiff has
not demonstrated that he complied with strict waivers of

---

[2]  Although the proposed amended complaint does not cite to 26
U.S.C. § 7422 ("section 7422"), it does cite to 28 U.S.C. § 1346
("section 1346").  Like the original complaint, the proposed
amended complaint is captioned "AMENDED COMPLAINT FOR TAX
REFUND" and "concerns taxes erroneously collected."  (Docket
Entry # 34, p. 2).  Liberally construing the proposed, pro se
amended complaint, it includes a tax refund claim under these
provisions.  Section 1346 "gives federal district courts
jurisdiction over suits against the United States 'for the
recovery of any internal-revenue tax alleged to have been
erroneously or illegally assessed or collected.'"  <u>Dickow v.
United States</u>, 740 F. Supp. 2d 231, 234 (D. Mass. 2010) (quoting
28 U.S.C. § 1346(a)(1)).  Section 7422 waves sovereign immunity
for these suits.  <u>Id.</u> at 234-35.

sovereign immunity regarding the proposed statutory causes of action."  (Docket Entry # 42, p. 7).

STANDARD OF REVIEW

"The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but "[c]ourts may deny such leave to amend . . . if the amendment would be 'futile.'" Sultaliev v. Rodriguez, 263 F. Supp. 3d 352, 357 (D. Mass. 2017) (citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).  An amendment is futile if the proposed "amended complaint 'could not withstand a 12(b)(6) motion to dismiss.'" McMann v. Selene Fin. LP for Wilmington Sav. Fund Soc'y, FSB, 332 F. Supp. 3d 481, 487 (D. Mass. 2018) (citation omitted); accord Rife v. One W. Bank, F.S.B., 873 F.3d 17, 21 (1st Cir. 2017) ("'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted") (internal citation omitted).

To survive a Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, the complaint must include factual allegations that when taken as true demonstrate a plausible claim to relief even if actual proof of the facts is improbable. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-58 (2007). Thus, while "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully."  Boroian v. Mueller, 616

F.3d 60, 65 (1st Cir. 2010) (internal quotation marks and citation omitted).  "[A]ccepting as true all well-pleaded facts in the complaint and making all reasonable inferences in the plaintiff's favor," id. at 64, the "factual allegations 'must be enough to raise a right to relief above the speculative level.'" Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (internal citation omitted).

In assessing the futility of the proposed amended complaint, it is appropriate to consider the documents attached to the proposed complaint (Docket Entry ## 34-1 to 34-5), which form part of the proposed pleading.  See Fed. R. Civ. P. 10(c). While "[c]ourts review *pro se* complaints according to 'less stringent standards than formal pleadings drafted by lawyers' . . ., *pro se* status does not insulate [a] party from complying with substantive and procedural law."  Garrett v. Ill. Attorney Gen., Civil Action No. 14-10217-RWZ, 2014 WL 652614, at *2 (D. Mass. Feb. 18, 2014) (emphasis in original) (internal citations omitted).

FACTUAL BACKGROUND

In January 2013, Merchia filed a tax return form 1040 for tax year 2012, listing as income money that was owed to him, but that he did not receive, in 2012.  (Docket Entry # 34, pp. 2-3). In June 2014, having come to believe that he made a mistake listing this "'evidence of indebtedness'" as income on his 2012

5

tax return, Merchia filed an amended tax return form 1040x requesting a refund based on excluding the foregoing amount of indebtedness. (Docket Entry # 34, pp. 2-3). IRS agent Alonzo audited Merchia's 2012 tax return. On October 1, 2015, she and Peters notified Merchia that the IRS "would continue to tax him in tax year 2012 on the 'evidence of indebtedness,'" even though Alonzo and Peters informed Merchia on the same day that "they had no evidence supporting Plaintiff having received the funds." (Docket Entry # 34, pp. 3-4).

As indicated in an email, Merchia appealed the IRS' decision not to issue a refund. (Docket Entry # 34-2). On December 14, 2015, following a review of the record, IRS appeals officer Bucciero determined that Merchia had overpaid nearly $4.4 million in taxes for 2012 and subsequently sent him a settlement offer. (Docket Entry # 34, pp. 4-5). This offer would have reduced Merchia's taxes for 2012 by $4,393,724, but also assessed a penalty and "extra taxes" for 2009. (Docket Entry # 34, p. 5). Believing that the assessed penalty was unlawful,[3] Merchia rejected the settlement offer. (Docket Entry # 34, p. 6).

---

[3] In a November 2017 stipulated judgment in the United States Tax Court, Merchia and the IRS stipulated that there were "no penalties due from [Merchia] for the taxable years 2009, 2010, and 2011 under the provisions of I.R.C. § 6662(a)." (Docket Entry # 34-3, p. 4).

On June 2, 2016, an unnamed "IRS Appeals Team Manager" sent Merchia a "Notice of Determination that provided no refund and continued to tax Plaintiff on funds that the IRS Appeals knew Plaintiff had not received." (Docket Entry # 34, p. 6). Merchia has not received a refund for his 2012 taxes and "IRS officers continue[] to levy [his] bank accounts and place liens on his property." (Docket Entry # 34, p. 8).

The proposed amended complaint also alleges that IRS Commissioner John Koskinen ("Koskinen") offered, and the "[d]efendant IRS employees" accepted, "bonuses as personal incentives effectively to maximize the taxes they collected or did not refund." (Docket Entry # 34, p. 9) (emphasis omitted). In support of this allegation, plaintiff attaches a news article regarding "performance awards" given to "legal experts in the [IRS'] counsel's office" under a "bonus system" restored by Koskinen in 2014. (Docket Entry # 34-5).[4]

_____

[4] The proposed amended complaint does not identify any of the named defendants as legal experts, allege that plaintiff had any dealings with legal experts at the IRS, or allege any other facts pertaining to IRS employees' receipt of "bonuses." It states only that plaintiff "believe[s] Defendant IRS employees worked to get bonuses" and that they accepted these bonuses. (Docket Entry # 34, p. 9). As these allegations fail to state more than the "'sheer possibility that a defendant has acted unlawfully,'" Boroian v. Mueller, 616 F.3d at 65 (internal citation omitted), or to "'raise a right to relief above the speculative level,'" Gorelik v. Costin, 605 F.3d at 121 (internal citation omitted), any amendments purporting to bring a claim of improper incentives cannot withstand a Rule 12(b)(6)

DISCUSSION

The United States opposes the motion to amend on the basis
that the proposed amended complaint seeks to add claims barred
by sovereign immunity. (Docket Entry # 42). The United States
argues that because plaintiff failed to timely exhaust
administrative remedies as required by statutes authorizing
damages suits against the IRS, sovereign immunity bars the added
claims for litigation costs and damages.[5] (Docket Entry # 42, p.
6, 10). Defendant also argues that amendments adding claims
against individual IRS employees are futile because Congress
"has created exclusive remedies that foreclose a *Bivens* claim."
(Docket Entry # 42, p. 7) (emphasis and capitalization omitted).

I.  Sections 7433 and 7432 (Counts One and Two)

---

motion to dismiss and is therefore futile. Fed. R. Civ. P.
12(b)(6); see Sultaliev v. Rodriguez, 263 F. Supp. 3d at 357.
[5]  The United States acknowledges that "section 7422 and 28
U.S.C. § 1346(a)(1) waive sovereign immunity for tax refund
suits" and that plaintiff commenced "this refund action"
pursuant to section 7422(a). (Docket Entry # 42, pp. 2, 9).
The United States does not otherwise address the section 7422
tax refund claim or the items recoverable as damages under the
section 7422 claim. See generally Curet-Velazquez v. ACEMLA de
Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011) (discussing
waiver). The generalized and brevis motion to amend does not
except the section 7422 claim from its reach or seek to exclude
it from the scope of the amended complaint, which supersedes the
original complaint. See Newman v. Lehman Bros. Holdings Inc.,
901 F.3d 19, 27 n.8 (1st Cir. 2018) ("'complaint, once filed,
normally supersedes the antecedent complaint'"). Accordingly,
the motion to amend is allowed to the extent that it sets out a
section 7422 claim. See footnote two.

In addition to seeking a refund of "all taxes collected or not refunded by the IRS for tax year 2012 that are based on 'evidence of indebtedness'" (Docket Entry # 34, ¶ 39(a)), the proposed amended complaint seeks costs, damages for "economic losses," and compensation "for the results of depriving" plaintiff and his family of funds. (Docket Entry # 34, ¶ 39(c)-(e)). Defendant argues that the "amended prayers for relief requesting litigation costs and damages are improper because the proposed amendment adds claims that are barred by sovereign immunity." (Docket Entry # 42, p. 6) (comma omitted). The waivers of sovereign immunity found in sections 7432 and 7433 are inapplicable to plaintiff's claims because plaintiff failed to exhaust his administrative remedies, a prerequisite to this court taking jurisdiction over claims under either statute, according to defendant. (Docket Entry # 42, pp. 6, 11). Defendant also argues that sovereign immunity bars the claim brought under section 7433 because the proposed amended complaint alleges actions taken in connection with a tax assessment, and "the damages sought under [this section] must be in connection with actions of an IRS employee during the collection of a tax." (Docket Entry # 42, p. 11) (emphasis in original).

It is axiomatic that "sovereign immunity bars lawsuits against the United States unless the United States has waived

that immunity." McMillen v. U.S. Dep't of Treasury, 960 F.2d 187, 188 (1st Cir. 1991). There are, however, "several statutes that do waive sovereign immunity for causes of action that concern taxation." Id. In 1988, Congress enacted the "'Taxpayer Bill of Rights,'" waiving sovereign immunity and providing "'a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee.'" Gonsalves v. Internal Revenue Serv., 975 F.2d 13, 15 (1st Cir. 1992) (internal citations omitted). Section 6241 of the Taxpayer Bill of Rights, codified at 26 U.S.C. § 7433, provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [the Internal Revenue Code], or any regulation promulgated under [it], such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). The section of the Taxpayer Bill of Rights codified at 26 U.S.C. § 7432 similarly authorizes a taxpayer to bring a civil action for damages against the United States "[i]f any officer or employee of the [IRS] knowingly, or by reason of negligence, fails to release a lien . . . on property of the taxpayer." 26 U.S.C. § 7432(a). These two sections of the Internal Revenue Code ("IRC") are "the exclusive remed[ies] for recovering damages" resulting from a wrongful failure to release

10

tax liens and reckless or intentional violation of tax laws.  26

U.S.C. § 7433(a); McMillen v. U.S. Dep't of Treasury, 960 F.2d

at 190.

Like any waiver of sovereign immunity, the waiver found in

sections 7432 and 7433 must be "strictly construed . . . in

favor of the sovereign."  Lane v. Pena, 518 U.S. 187, 192

(1996); Gonsalves v. Internal Revenue Serv., 975 F.2d at 15.

Without a waiver of sovereign immunity, this court cannot

exercise jurisdiction over claims against the United States or

its officials.  United States v. Berk, 374 B.R. 385, 395-96 (D.

Mass. 2007).

A.   Exhaustion of Administrative Remedies

Sovereign immunity bars courts from hearing claims for

damages under either section 7432 or section 7433 of the IRC

before the plaintiff has exhausted administrative remedies as

outlined in applicable regulations.  26 U.S.C. §§ 7432(d)(1),

7433(d)(1); 26 C.F.R. § 301.7433–1; Nogueras-Cartagena v. United

States, 125 Fed. Appx. 323, 327 (1st Cir. 2005) (unpublished);

Malouf v. United States, Civil Action Nos. 10-11596-GAO, 10-

12006-GAO, 2012 WL 4480748, at *1 (D. Mass. Sept. 28, 2012).

These regulations require a taxpayer to first file an

administrative claim outlining "[t]he grounds, in reasonable

detail, for the claim," as well as "[a] description of the

injuries incurred by the taxpayer" and "[t]he dollar amount of

the claim." 26 C.F.R. § 301.7433-1. Merely filing a request for a refund does not suffice to meet this requirement; a taxpayer must give the IRS notice of his or her claim for damages before filing suit. Streeter v. United States, 150 F. Supp. 3d 82, 92 (D. Mass. 2015).

"'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal citations omitted). Courts have dismissed claims for lack of jurisdiction under section 7432, section 7433, or both, when plaintiffs have failed to adequately allege they followed administrative procedures prior to filing suit. See, e.g., Nogueras-Cartagena v. United States, 125 Fed. Appx. 323, at *3 (affirming dismissal where "no copy of the administrative claim in the record" and appellant failed to discuss administrative requirements); Hanley v. United States, 1994 WL 723678, at *1 (1st Cir. Oct. 5, 1994) (allegation that plaintiff sent IRS document demanding "return of all ill gotten or over collected money" insufficient) (capitalization omitted); Ardio v. Dep't of Treasury, Civil Action No. 13-12108-LTS, 2014 WL 458169, at *3 (D. Mass. Feb. 3, 2014) (dismissing complaint that failed to state plaintiff submitted a claim to the IRS or "took any of the steps listed in 26 C.F.R. § 301.7433-1"); Schortmann v. United States, Civil Action No. 12-10005-RWZ, 2013 WL 2247585, at *1 (D. Mass. May

20, 2013) (if plaintiffs have complied with administrative procedures, they must "say so in their complaint").

The only document the proposed amended complaint alleges plaintiff sent to the IRS in connection with his claims is "an amended tax return form 1040x requesting a refund." (Docket Entry # 34, p. 3). The proposed amended complaint does not allege that plaintiff informed the IRS of his intent to seek damages, the amount of those damages, the grounds for his claim for damages, or a description of the injuries he incurred. Therefore, plaintiff fails to adequately allege he exhausted his administrative remedies before bringing suit, and sovereign immunity therefore bars the claims sought under section 7432 and section 7433 and any damages for such claims in the prayer for relief (Docket Entry # 34, ¶ 39). Counts One and Two are futile.

B.  Section 7433 (Count One)

As previously noted, defendant also argues that sovereign immunity bars the section 7433 claim because the damages sought must be in connection with collection of a tax. (Docket Entry # 42, p. 11). Even if the proposed amended complaint adequately alleged plaintiff exhausted his administrative remedies, section 7433 permits recovery only if "an IRS agent disregards a statute or regulation 'in connection with any _collection_ of Federal tax.'" Gonsalves v. Internal Revenue Serv., 975 F.2d 13, 16

(1st Cir. 1992) (quoting section 7433) (emphasis in original).

In enacting this legislation, Congress explicitly rejected

proposed language that would permit recovery "'in connection

with any *determination* . . . of Federal tax[es],'" Goldberg v.

United States, 881 F.3d 529, 535 (7th Cir. 2018) (emphasis in

original) (internal citations omitted), cert. denied, 138 S. Ct.

1564 (Apr. 16, 2018), and courts accordingly have "narrowly

construed the 'collection' activity element." White v. Comm'r

of Internal Revenue, 899 F. Supp. 767, 772 (D. Mass. 1995);

accord Gonsalves v. Internal Revenue Serv., 975 F.2d at 16.

"'[T]o prove a claim for improper collection practices, the

taxpayer must demonstrate that the IRS did not follow the

prescribed methods of acquiring assets.'"  Gandy Nursery, Inc.

v. United States, 412 F.3d 602, 607 (5th Cir. 2005) (internal

citation omitted).  Section 7433 does not permit recovery when a

taxpayer seeks merely to "challenge the IRS' calculation of

their tax liability."  Gonsalves v. Internal Revenue Serv., 975

F.2d at 16; see also Miller v. United States, 66 F.3d 220, 222

(9th Cir. 1995) ("unlawful act" regarding "improper

determination" of tax liability "not actionable as a matter of

law under § 7433"); Malouf v. United States, Civil Action No.

98-12324-GOA, 1999 WL 293872, at *1 (D. Mass. Apr. 30, 1999) (no

section 7433 cause of action for misconduct "related not to

collection but rather to the assessment of a tax").  The correct

avenue of redress for "'alleged . . . disregard in connection

with the determination of tax'" is a petition for

redetermination in the tax court or a refund action under

section 7422. Gonsalves v. Internal Revenue Serv., 975 F.2d at

16 (internal citation omitted).

Taxpayers cannot recover under section 7433 for claims

alleging that: the IRS refused to give a refund owed due to

incorrect assessment of tax liability, id.; the IRS placed a

lien on property based on an invalid assessment of tax

liability, Gandy Nursery, Inc. v. United States, 412 F.3d at

607; the IRS failed to credit a tax payment or to release a

lien, Myers v. United States, 593 Fed. Appx. 814, 815-17 (10th

Cir. 2014) (unpublished); the IRS seized and sold a taxpayer's

property based on an invalid tax assessment, Shaw v. United

States, 20 F.3d, 182, 184 (5th Cir. 1994); and/or the IRS caused

"damage to [plaintiff's] health and well-being" during an audit

of his 1040X form, White v. Comm'r of Internal Revenue, 899 F.

Supp. 767, 769 (D. Mass. 1995).

The gravamen of the proposed amended complaint is that the

IRS ignored provisions of the IRC pertaining to "evidence of

indebtedness," erroneously calculated plaintiff's tax liability

for 2012, failed to correct the error when plaintiff filed the

amended tax return, refused to issue plaintiff a refund, and

placed liens on his property. (Docket Entry # 34, pp. 2, 3, 6,

15

8).  The proposed amended complaint does not allege that the IRS
failed to follow prescribed methods of acquiring assets from
plaintiff inasmuch as all of the alleged misconduct by IRS
employees occurred after plaintiff paid the 2012 taxes at issue.
The allegations laid out in the proposed amended complaint fall
squarely within the range of activities deemed by courts to be
assessment activities rather than collection activities, and
plaintiff therefore cannot recover damages alleged to have
resulted from these activities pursuant to section 7433.  To the
extent that the proposed amended complaint seeks damages for
these activities under section 7433, as distinct from a tax
refund under section 7422 for funds improperly assessed or
collected, the section 7433 claim for such damages is not
plausible.[6]

## II.  Suit against Individual IRS Employees

---

[6]  Like the original complaint, the proposed amended complaint
seeks plaintiff's "costs including his time associated with
filing and pursuing protests, tax court cases, and this federal
district court case."  (Docket Entry # 34, ¶ 39(c)).  A
"prevailing party" may be awarded reasonable administrative and
litigation costs in a court proceeding brought against the
United States "in connection with the determination, collection,
or refund of any tax, interest, or penalty" under the IRC.  26
U.S.C. § 7430(a).  Defendants' argument that this relief is
futile is premature insofar as it pertains to the ongoing
section 7422 tax refund claim (Count Three).  Insofar as
defendant argues that this relief (Docket Entry # 34, ¶ 39(c))
is futile with respect to the section 7433 and section 7432
claims (counts one and two), defendant is correct inasmuch as
the motion to amend is denied as to these claims.

"It is well-established that a suit against a federal officer in her official capacity is a suit directly against the United States and is therefore subject to the doctrine of sovereign immunity." Anderson v. Heffernan, Civil Action No. 12-12173-FDS, 2013 WL 1629122, at *2 (D. Mass. Apr. 9, 2013) (internal citations omitted). "[I]n the absence of a specific statutory authorization," sovereign immunity bars suits against federal agents acting in their official capacities. Tapia-Tapia v. Potter, 322 F.3d 742, 745–46 (1st Cir. 2003).[7] This bar is

---

[7] The "*ultra vires* exception to sovereign immunity" permits suits against federal officers who act outside their statutory authority and whose actions are therefore "'considered individual and not sovereign.'" Danos v. Jones, 652 F.3d 577, 583 (5th Cir. 2011) (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689 (1949)); see also Muirhead v. Mecham, 427 F.3d 14, 18–19 (1st Cir. 2005) (citing Larson, 337 U.S. at 688-690); Blackbear v. Norton, 93 Fed. Appx. 192, 194 (10th Cir. 2004); Aminoil U.S.A., Inc. v. Cal. State Water Res. Control Bd., 674 F.2d 1227, 1233–34 (9th Cir. 1982). However, "[t]o invoke this exception, a plaintiff must 'do more than simply allege that the actions of the officer are illegal or unauthorized.'" Danos v. Jones, 652 F.3d at 583 (internal citation omitted). Rather, "it is necessary that the plaintiff set out in his complaint the statutory limitation on which he relies." Larson v. Domestic & Foreign Commerce Corp., 337 U.S. at 690. "The complaint must allege facts sufficient to establish that the officer was acting 'without any authority whatever,' or without any 'colorable basis for the exercise of authority.'" Danos v. Jones, 652 F.3d at 583 (internal citation omitted). Here, the complaint, at most, alleges illegal or unauthorized actions by various IRS employees. It makes no reference to the boundaries of these employees' statutory authority and alleges no facts indicating how their actions fell outside such boundaries. Therefore, plaintiff fails to establish an exception to sovereign immunity and grounds for this court's jurisdiction over claims against individual IRS employees for acting outside their statutory authority.

jurisdictional in nature.  United States v. Kansky, Civil Action
No. 12-12198-PBS, 2013 WL 5567978 at *1 (D. Mass. Sept. 4, 2013)
(no jurisdiction over tax claims absent waiver of sovereign
immunity); United States v. Berk, 374 B.R. 385, 397 (D. Mass.
2007) (absent statutory waiver, sovereign immunity bars
jurisdiction over claims challenging "'constitutionality,
legality, or fairness of any IRS practice'" because no Bivens
remedy available) (internal citation omitted).

     In Bivens, the United State Supreme Court provided an
avenue for suit against federal officers acting in their
individual capacities.  Ruiz Rivera v. Riley, 209 F.3d 24, 26,
28 (1st Cir. 2000).  Bivens established that "'as a general
proposition . . . victims of a constitutional violation
perpetrated by a federal actor may sue the offender for damages
in federal court despite the absence of explicit statutory
authorization for such suits.'"  Id. at 26.  Bivens, however,
has limited reach, and "expanding the Bivens remedy is . . . a
'disfavored' judicial activity."  Ziglar v. Abbasi, 137 S. Ct.
1843, 1857 (2017) (internal citation omitted); Casey v. Dep't of
Health and Human Servs., 807 F.3d 395, 400-01 (1st Cir. 2015).

     Courts will refrain from implying a Bivens cause of action
where there exists an "'alternative, existing process for
protecting the interest.'"  Id. at 401 (internal citation
omitted).  A Bivens remedy is also unavailable where "'"special

factors counseling hesitation"'" are present.  Hernandez v.
Mesa, 137 S. Ct. 2003, 2006 (2017) (internal citations omitted).
Under this principle, "courts may not craft a *Bivens* action
where 'the design of a government program suggests that Congress
has provided what it considers adequate remedial mechanisms for
constitutional violations that may occur in the course of [the
program's] administration.'"  Duxbury Trucking Inc. v. Mass.
Highway Dep't, Civil Action No. 04-12118-NG, 2009 WL 1258998, at
*4 (D. Mass. Apr. 29, 2009) (quoting Schweiker v. Chilicky, 487
U.S. 412, 423 (1988)); see also Coates v. Social Sec. Admin.,
Civil Action No. 12-11832-GAO, 2012 WL 5508487, at *4 (D. Mass.
Nov. 9, 2012) (no Bivens remedy for denial of social security
benefits).

Citing the IRC's comprehensive statutory scheme,
particularly sections 7422, 7432, and 7433, federal courts have
declined to create a Bivens remedy for taxpayers alleging
constitutional violations by IRS employees.  See Hudson Valley
Black Press v. Internal Revenue Serv., 409 F.3d 106, 113 (2nd
Cir. 2005) ("difficult to conceive of a more comprehensive
statutory scheme . . . than the [IRC]"); Adams v. Johnson, 355
F.3d 1179, 1186 (9th Cir. 2004) (Bivens relief unavailable
because IRC provides "meaningful protections against government
transgressions in tax assessment and collection"); Shreiber v.
Mastrogiovanni, 214 F.3d 148, 152 (3rd Cir. 2000) (no Bivens

action "against IRS agents accused of violating a taxpayer's
constitutional rights in the course of making a tax
assessment"); McMillen v. U.S. Dep't of Treasury, 960 F.2d at
190-91 (sections 7422, 7432, and 7433 provide "adequate remedial
mechanisms for constitutional violations" occurring in
administration of tax laws); Cameron v. Internal Revenue Serv.,
773 F.2d 126, 129 (7th Cir. 1985) ("Congress has given taxpayers
all sorts of rights against an overzealous officialdom"); Harris
v. United States, 340 F. Supp. 2d 764, 771 (S.D. Tex. 2004)
(section 7433 "adequate remedy" for "wrongful collection
conduct" or "violation of [IRC] or applicable regulations");
Barron v. United States, 998 F. Supp. 117, 121 (D.N.H. 1998)
(comprehensiveness of IRC's remedial scheme "suggests that
Congress intended it to be exclusive").  Courts recognize that
"'[i]t is hard enough to collect taxes as it is.'"  Hudson
Valley Black Press v. Internal Revenue Serv., 409 F.3d at 114
(quoting Cameron v. Internal Revenue Serv., 773 F.2d at 129).
"The collection of taxes would become 'chaotic if a taxpayer
could bypass the remedies provided by Congress simply by
bringing a damage action against Treasury employees.'"  Id. at
113-14 (internal citation omitted).

     Although specific factual allegations in the proposed
amended complaint are sparse, the claims against the named IRS
employees amount to accusations that they willfully failed to

correct an erroneous assessment of plaintiff's tax liability for 2012 and withheld a refund of over $4 million that they "knew was owed" to him in order to receive bonuses. (Docket Entry # 34, p. 6) (emphasis omitted). The proposed amended complaint also alleges that unnamed "IRS officers" levied plaintiff's bank accounts and placed liens on his property despite the IRS owing him "millions of dollars." (Docket Entry # 34, p. 8).

Insofar as the proposed amended complaint alleges that these actions rise to the level of constitutional violations and purport to raise a <u>Bivens</u> action, the comprehensive statutory scheme of the IRC provides adequate remedies for such transgressions and therefore precludes a remedy under <u>Bivens</u>. In fact, to the extent the proposed amended complaint alleges that individual agents recklessly, intentionally, or negligently disregarded IRS regulations; erroneously or illegally assessed or collected taxes; or knowingly or negligently failed to release tax liens on plaintiff's property, the IRC explicitly provides remedies for such wrongdoing, remedies which are the exclusive remedies for such conduct. 26 U.S.C. §§ 7422, 7432, 7433. For this reason, this court declines to imply a <u>Bivens</u> remedy for the alleged conduct of the named and unnamed IRS employees inasmuch as such claims are futile.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to amend (Docket Entry # 35) is **DENIED** as to counts one, two, and four of the proposed amended complaint and **ALLOWED** as to Count Three for the erroneous or illegal assessment and collection of taxes under sections 7422 and 1346.[8]

/s/ Marianne B. Bowler

**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[8]    See footnote five.