UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PANKAJ MERCHIA,
　　　Plaintiff,


　　　v.                                          CIVIL ACTION NO.
                                                 18-10424-PBS

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE
DAVID KAUTTER, COMMISSIONER,
　　　Defendant.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT UNITED STATES' MOTION TO COMPEL DOCUMENT**
**PRODUCTION FROM THE PLAINTIFF PANKAJ MERCHIA**
**AND THIRD-PARTY SHONA PENDSE**
**(DOCKET ENTRY # 108)**

**August 5, 2020**

**BOWLER, U.S.M.J.**

　　　Defendant United States of America Internal Revenue Service David Kautter, Commissioner, ("defendant") moves to compel production of documents from plaintiff Pankaj Merchia ("Merchia") and nonparty Shona S. Pendse, M.D. ("Pendse"). (Docket Entry # 108). After unsuccessful attempts to reach an informal solution with oversight by this court during status conferences (Docket Entry ## 101, 105), defendant filed the motion to compel. After conducting a hearing on July 20, 2020, this court took the motion (Docket Entry # 108) under advisement.

BACKGROUND

　　　On October 28, 2019, defendant served a subpoena duces tecum on Pendse seeking nine categories of documents. (Docket Entry ##

109-12, 109-13, 113-1).  Previously, defendant served a first and a second request for production of documents on Merchia on July 26 and October 26, 2019, respectively.  (Docket Entry ## 109-1, 109-6).

The allegations in the amended complaint in this tax refund suit concern Merchia's erroneous inclusion of "'evidence of indebtedness'" in the form of a promissory note (Docket Entry # 34, pp. 2-3, ¶ 4) as income received in 2012.  In September 2008, Merchia sold his company, SleepHeart, LLC, to Pendse's company, SleepHeart of Virginia LLC ("SHV"), for $30 million.  Under the agreement, SHV had no obligation to make "payments exceeding $30,000 each year until 2012," at which time SHV agreed to "make payments on an as able basis to [Merchia]."  (Docket Entry # 96-2, p. 11).  A December 31, 2012 promissory note regarding the sale reflects that SHV promised to pay Merchia $15 million "less any amounts previously paid to" him.  (Docket Entry # 96-2, p. 10).

The amount of any installment payment Merchia received in 2012 is disputed, contemporaneous documents of a 2008 sale agreement and text messages on Merchia's cellular telephones from 2008 to 2012 are lost or missing, and documents reflecting the 2012 payments not fully produced, not yet located, or missing. (Docket Entry # 109-17, p. 1) (Docket Entry # 109-10, p. 2) (Docket Entry ## 96-2, 96-3, 106, 109-21, 109-23, 113-4).  At a

2

deposition, Merchia testified that he received "some amounts" in 2012 but was not specific as to the amount.  (Docket Entry # 109-23, p. 1).  When asked if he kept "track of payments from [SHV]," he replied that, "Everything was done on a paper-trail" either in the form of electronic transactions or checks, which was "all documentable and documented."  (Docket Entry # 109-23). Similarly, in a February 12, 2020 email, Merchia advised defendant's counsel that: he was going to Virginia the following week to locate SHV's bank statements, receipts, and paper records; and "[SHV] should have business records that track every penny received or disbursed from late 2011 through early 2013 so that between bank [statements] and [SHV's] business records there should be . . . a precise accounting of every penny [SHV] received or paid during the relevant periods."  (Docket Entry # 109-17).  In a June 17, 2020 email to defendant's counsel, Merchia attached the SHV records he located that respond to the subpoena to Pendse.  (Docket Entry # 109-21).  Defendant represents that Merchia only "produced four heavily redacted pages of bank statements" on June 17, 2020.  (Docket Entry # 110, p. 18).

In affidavits, Pendse attests to her largely unsuccessful search efforts to locate responsive documents.  (Docket Entry ## 106, 113-4).  Unable to obtain complete records from Merchia and Pendse, defendant issued subpoenas for records to Citibank, N.A.

("Citibank"), TD Bank, N.A. ("TD Bank"), and TD Ameritrade, Inc.
("Ameritrade") for accounts held in Merchia's name for a January
2011 to December 2013 time period.  (Docket Entry # 115-1, pp. 8-
74) (Docket Entry # 113-3).  Defendant also served subpoenas on
TD Bank, Ameritrade, and TD Bank USA, N.A., for accounts in the
name of SHV for a January 1, 2012 to December 31, 2013 time
period.[1]  (Docket Entry # 115-1, pp. 8-74) (Docket Entry # 113-
3).  In addition, defendant issued subpoenas to TD Bank and
Ameritrade for accounts in the name of D3Holdings LLC and to TD
Bank for accounts in the names of other companies associated with
Merchia, namely, SpanishRiverD3 LLC, SleepHeart Diagnostics LLC,
Health MSO of Maryland, and D3 Medical Holdings LLC for the
January 2011 to December 2013 time period.  (Docket Entry # 115-
1, pp. 8-74) (Docket Entry # 113-3).  It is unclear if defendant
obtained all of the documents responsive to these subpoenas.
Acknowledging that it "obtained documents from third parties,"
defendant asserts that it "is entitled to receive payment records
if they exist."  (Docket Entry # 121, pp. 3-4, 6).  Merchia
attests that defendant sent him 1,917 pages of bank records from
Citibank, TD Bank, and Ameritrade.  (Docket Entry # 113-3).  In
2012, Merchia had signatory authority or control over accounts
in: his own name at Citibank, TD Bank, and Ameritrade; the names

---

[1]  The subpoenas to Ameritrade date back to January 1, 2011.
(Docket Entry # 115-1, pp. 16-21, 32-43).

4

of SpanishRiverD3 LLC, D3Holdings LLC, and SleepHeart Diagnostics
LLC at TD Bank; and the name of SHV at TD Bank and Ameritrade.
(Docket Entry # 122-1, pp. 20-21).

Merchia asserts that defendant has all the necessary,
unredacted bank documents of SHV, its subsidiaries, Merchia, and
Merchia's businesses.  (Docket Entry # 112, pp. 9-10).  He
maintains that any missing documents concern SHV's payments to
landlords, for medical equipment, and to SHV staff, all of which
lack any relevance to this action. (Docket Entry # 112, p. 10).
He also argues that because defendant has possession of the
records, the need for producing the records is minimal and the
"needs of the case," Fed. R. Civ. P. 26(b)(1), do not warrant
production.  (Docket Entry # 112, p. 10) (emphasis omitted).

In a July 15, 2020 reply brief, defendant focuses the
inquiry on production of certain categories of "key documents":
(1) periodic or installment payments made by SHV of the $30
million purchase price if such payment records exist (Docket
Entry # 121, pp. 5-7); (2) withheld records concerning the 2008
sale of SleepHeart, LLC and payments regarding the sale (Docket
Entry # 121, pp. 6-7); and (3) tax returns for entities Merchia
owns or controls (Docket Entry # 121, pp. 8-10).  Requests ten to
13, 16 and 17 in the first request for production and requests
six through nine in the second request for production encompass
documents in these categories.  (Docket Entry # 109-1, 109-6).

DISCUSSION

Under Fed. R. Civ. P. 34(b)(2)(A), responses to requests for production of documents are due "within 30 days after being served" with the requests.  Fed. R. Civ. P. 34(b)(2)(A).  As noted, defendant served the first and the second requests for production on July 26 and October 26, 2019, respectively. Merchia's responses were therefore due on August 26 and November 26, 2019, respectively.  Merchia responded to the first request for documents more than a week late on September 6, 2019, by producing 47 pages of documents responsive to some but not all of the 20 document requests.[2]  (Docket Entry # 109-3).  In the response, Merchia objects to producing documents "for years other than 2012" as duplicative, unduly burdensome, unlikely to impact the case, and already in defendant's possession.  (Docket Entry # 109-3, p. 1).  Because the production is untimely, Merchia thereby waived these objections.  See LR. 34.1(c)(1) ("[a]ny ground not stated in an objection within the time period provided," i.e., 30 days, "shall be deemed waived"); see Controlled Kinematics, Inc. v. Novanta Corp., Civil Action No. 17-11029-ADB, 2019 WL 3082354, at *5 (D. Mass. July 15, 2019) (recognizing court's obligation to enforce the waiver provision in LR. 34.1).

---

[2]  The 47 pages consist largely of 2012 federal tax documents including partially redacted November and December 2012 Ameritrade account statements for SHV.  (Docket Entry # 109-3).

6

There is also no indication that Merchia responded to the
second request for production within the 30-day time period,
which ended on November 26, 2019.  His informal and formal
responses to the second request for documents are therefore
untimely (Docket Entry ## 109-7, 109-10) thus waiving any
objection to production.  See LR. 34.1(c)(1).

Under Fed. R. Civ. P. 34(a)(1), a party may request
production of documents "in the responding party's possession,
custody, or control."  Fed. R. Civ. P. 34(a)(1).  Control is not
limited to actual physical possession of a document.  Known
Litig. Holdings, LLC v. Healy, Civil Action No 13-052-ML, 2014 WL
11633685, at *1 (D.R.I. June 12, 2014).  Rather, a document is
"under a party's 'control' when that party has the right,
authority or ability to obtain [the] document[] upon demand."
Szulik v. State St. Bank and Tr. Co., Civil Action No.
12-10018-NMG, 2014 WL 3942934, at *1 (D. Mass. Aug. 11, 2014);
accord Known Litig. Holdings, LLC v. Healy, 2014 WL 11633685, at
*1 (document is under party's control when that party has "'the
right, authority or practical ability to obtain the documents
from a non-party to the action'") (quoting Bush v. Ruth's Chris
Steak House, Inc., 286 F.R.D. 1, 5 (D.D.C. 2012)); In re NTL,
Inc. Sec. Litig., 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("control
does not require that the party have legal ownership or actual
physical possession of the documents at issue; rather, documents

are considered to be under a party's control when that party has
the right, authority, or practical ability to obtain the
documents from a non-party to the action").  Turning to the
categories of "key documents," namely, periodic payments and
records concerning the 2008 sale in the aforementioned first and
second categories (Docket Entry # 121, pp. 5-7), Merchia is
ordered to produce all documents (including bank and brokerage
statements, records, and electronically stored information)[3]
"related to payments [he] received in 2012 from [SHV]," as sought
in request 13 in the first request for production.[4]  (Docket
Entry # 109-1, p. 5, ¶ 13).  Relatedly, request 17 asks for
"[a]ll monthly and yearly account statements for any domestic . .
. financial accounts" held in Merchia's "name or over which
[Merchia] has signatory authority or other control, from" January
1, 2008 to December 31, 2012.  (Docket Entry # 109-1, ¶ 17).
Inasmuch as these accounts may include income, such as
installment payments for the 2008 sale to SHV, received by
various entities that Merchia owns or controls, the documents are
relevant and subject to production.  The overly broad time period
dating back to January 1, 2008, is narrowed to the period of

---

[3]  The term "documents" in the first request for production
includes bank statements, checks, financial statements, records,
emails, and electronically stored information ("ESI").  (Docket
Entry # 109-1, p. 3, ¶ 11).

[4]  Defendant contends that Merchia's production in request
13 is not complete.  (Docket Entry # 121, p. 2).

January 1 to December 31, 2012.  See Briddell v. Saint Gobain
Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005) (court may
limit discovery of otherwise relevant information "geographically
and temporally" when necessary "to avoid overly broad and unduly
burdensome requests") (citing Glenn v. Williams, 209 F.R.D. 279,
281 (D.D.C. 2002)); see also Tyler v. Suffolk Cty., 256 F.R.D.
34, 37 (D. Mass. 2009).  Defendant may provide Merchia with a
list of the entities from which it seeks statements within three
days of the date of this opinion.  If Merchia fails to produce
the records, he shall prepare an affidavit explaining the
nonproduction and, as to any entity identified by defendant, an
explanation specific to that entity.  The deadline for Merchia to
produce the records or provide an affidavit is September 8, 2020.

Relative to the second category of "key documents," requests
six through nine in the second request for production seek ESI
regarding the sale to SleepHeart, LLC and payments made in regard
to the sale.  (Docket Entry # 121, p. 7).  Merchia is ordered to
produce all withheld ESI in requests six through nine to the
extent such ESI exists.  If such ESI never existed or is now
lost, Merchia is ordered to provide an affidavit explaining the
nonproduction.  The deadline for Merchia to produce this ESI or
provide an affidavit is September 8, 2020.

In the third category of key documents, defendant seeks tax
returns for entities Merchia owns or controls.  Request 16 in the

9

first request for production encompasses the tax information.[5]
As stated in request 16, Merchia is ordered to produce federal
income tax returns for 2012[6] for any "business entity in which"
he owned "an interest, directly or *indirectly*, or with respect to
which [he was] a beneficiary, or in which [he was] otherwise a
principal, or had account signatory authority" during 2012
(Docket Entry # 109-1, p. 5, ¶ 16) (quoting request 16 with
emphasis added) or, if not produced, provide an affidavit
explaining the nonproduction.  Within three days of the date of
this opinion, defendant may provide Merchia with a list of
entities for which it seeks relevant tax returns within the scope
of the request, and Merchia is ordered to produce the 2012
federal tax return for any such entity.  The deadline for Merchia
to produce the tax records or provide an affidavit is September
8, 2020.  As a final matter, defendant may take a second

_____

[5]   Request 16 reads as follows:

Federal income tax returns for 2008 - 2012, inclusive, for
every non-publicly traded corporation (subchapter S or C
corporation), partnership, trust, sole proprietorship, joint
venture, or any other business entity in which you owned or
own an interest, directly *or indirectly*, or with respect to
which you were a beneficiary, or in which you were otherwise
a principal, or had account signatory authority over at any
times during those years.

(Docket Entry # 109-1, p. 5, ¶ 16) (emphasis added).

[6]   The overly broad time period is again narrowed to the
year 2012.  See Briddell, 233 F.R.D. at 57; see also Tyler, 256
F.R.D. at 37.

deposition of Merchia on or before September 15, 2020.

Turning to the motion to compel as it relates to Pendse, a nonparty, defendant asserts that her February 2020 deposition testimony conflicts with a November 8, 2019 email by Pendse to defendant's counsel (Docket Entry # 96-3).  (Docket Entry # 110, pp. 7-9).  As to requests eight and nine in the October 28, 2019 subpoena, Pendse states in the email that she does not have the requested documents and "would have to get [SHV's] bank records to locate [the requested] information."  (Docket Entry # 96-3). Defendant seeks to compel Pendse to produce the records for her company, SHV, and to supplement a June 12, 2020 affidavit (Docket Entry # 106) to describe her search efforts.  (Docket Entry # 110, p. 11).  Because Pendse subsequently provided another affidavit describing her search efforts and because she authorized Merchia to search through certain SHV records and provide responsive documents (Docket Entry # 113-4), the motion to compel as to Pendse is denied without prejudice.  See Terry v. Richland Sch. Dist. Two, C.A. No. 3:15-3670-JFA-PJG, 2016 WL 687521, at *1 (D.S.C. Feb. 19, 2016) ("court must limit a [party's] discovery requests if the documents sought from the non-party are 'cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive'") (internal citations omitted); Tresona Multimedia, LLC v. Legg, No. 15 C 4834, 2015 WL 4911093, at *3

11

(N.D.Ill. Aug. 17, 2015) ("non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative"); <u>see also</u> <u>Noel v. Bank of New York Mellon</u>, Case No. 11 Mc. 216, 2011 WL 3279076, at *2 (S.D.N.Y. July 27, 2011).  Defendant may renew the request or seek to depose Pendse for a second time in the event its efforts to obtain information from Merchia are not satisfactory.  <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(i).

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the motion to compel (Docket Entry # 108) is **ALLOWED** in part and **DENIED** in part without prejudice.  The deadline for Merchia to produce documents, including ESI, or to provide an affidavit is September 8, 2020.  Defendant may take a second deposition of Merchia on or before September 15, 2020.

　　　　　　/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge