```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

PANKAJ MERCHIA,
    Plaintiff,

    v.                                      CIVIL ACTION NO.
                                                18-10424-PBS
UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE
DAVID KAUTTER, COMMISSIONER,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**DEFENDANT UNITED STATES' MOTION FOR SANCTIONS AGAINST**
**THE PLAINTIFF PANKAJ MERCHIA (DOCKET ENTRY # 166);**
**DEFENDANT UNITED STATES' NOTICE OF WITHDRAWAL**
**OF MOTION FOR SANCTIONS**
**(DOCKET ENTRY # 182)**

**August 17, 2021**

**BOWLER, U.S.M.J.**

In a twofold "Notice of Withdrawal of Motion for Sanctions," defendant United States of America Internal Revenue Service David Kautter, Commissioner, ("defendant") requests: (1) a withdrawal of a motion for sanctions (Docket Entry # 166) without prejudice to re-filing the motion if the court does not adopt a Report and Recommendation (Docket Entry # 180); and (2) a ruling on "its costs and fees" for "bringing a successful motion to compel" (Docket Entry # 108) and "taking a second deposition of Pankaj Merchia." (Docket Entry # 182).

### DISCUSSION

Regarding the second request, the motion to compel (Docket Entry # 108), a supporting brief (Docket Entry # 110), and a reply brief (Docket Entry # 121) did not ask for sanctions in the

form of costs or fees against plaintiff Pankaj Merchia ("Merchia"). The only "costs" mentioned were in a footnote in the reply brief against nonparty Shona Pendse for her non-appearance at a deposition (Docket Entry # 121, n.5), which was the subject of a separate motion (Docket Entry # 87). As to Merchia, the motion to compel "move[d] to compel" him "to produce documents" "pursuant to Fed. R. Civ. P. 37(a)(1)-(5)" (Docket Entry # 108, p. 1) and to reopen and take his deposition for a second time (Docket Entry # 110, p. 12) (Docket Entry # 121, p. 12).

In an August 2020 Memorandum and Order, this court did not grant the motion in its entirety as to Merchia. (Docket Entry # 135, pp. 8-9, 10 n.6, 12). Notably, this court narrowed the time period sought in certain document requests from a 2008 to 2012 period to 2012 (Docket Entry # 135, pp. 8-9, 10 n.6) and stated that defendant may take the second deposition (Docket Entry # 135, pp. 10-11). The allowance in part and denial in part of the motion to compel as to Merchia (Docket Entry # 135, p. 12) therefore invokes a *discretionary* basis to award costs and fees under Fed. R. Civ. P. 37(a)(5)(C). See Shea v. Millett, Civil Action No. 17-cv-12233-ADB, 2019 WL 4218477, at *2 (D. Mass. Sept. 9, 2019) (denying "Defendant's request for costs and fees pursuant to its discretion under Federal Rule of Civil Procedure 37 to apportion reasonable expenses for a motion to compel that

is granted in part and denied in part") (citing Fed. R. Civ. P. 37(a)(5)(C)); Fed. R. Civ. P. 37(a)(5)(C) (if "Motion is Granted in Part and Denied in Part, the court *may* . . . apportion the reasonable expenses for the motion") (emphasis added). Exercising that discretion, costs and fees are not warranted, and defendant's alternative request to set a briefing schedule is not necessary.

## CONCLUSION

In conclusion, the request to withdraw the motion for sanctions (Docket Entry # 182) is **ALLOWED** and the motion for sanctions (Docket Entry # 166) is **WITHDRAWN** without prejudice. The request for costs and fees (Docket Entry # 182) is **DENIED**.

                                                   /s/ Marianne B. Bowler
                                              **MARIANNE B. BOWLER**
                                              United States Magistrate Judge