UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PANKAJ MERCHIA,                     )
                                    )
                 Plaintiff,         )
      v.                            )   Civil Action
                                    )   No. 18-10424-PBS
UNITED STATES OF AMERICA,           )
INTERNAL REVENUE SERVICE            )
DAVID KAUTTER, COMMISSIONER,        )
                                    )
                 Defendant.         )
_____)

**MEMORANDUM AND ORDER**

September 30, 2021

Saris, D.J.

After reviewing plaintiff's objections and defendant's response de novo, and after hearing, the Court adopts the Magistrate Judge's thorough Report and Recommendation. The defendant's motion for summary judgment is **ALLOWED** and plaintiff's motion for summary judgment is **DENIED**. The Court assumes familiarity with the Report and Recommendation which sets forth the background facts. The Court addresses the primary objections in turn.

A. The "Uncashable" Check.

Plaintiff Merchia argues that he was entitled to a refund based on an "uncashable" $2.25 million check that he erroneously included in his Original 2012 Return. Dkt. 157 at 7. Because

1

Merchia did not present the theory that this check was uncashable to the IRS, the Magistrate Judge properly disposed of this theory as unreviewable by this court under the variance doctrine. Under the variance doctrine, taxpayers may not raise claims for a refund that were not first presented in the administrative claim for a refund to the IRS. See Muskat v. United States, 554 F.3d 183, 195 (1st Cir. 2009) ("[A] claim or theory not explicitly or implicitly set forth in the taxpayer's administrative refund application cannot be broached for the first time in a court in which a subsequent refund suit is brought.").

    B.  The Promissory Note.

Merchia's primary objection addresses the tax treatment of a promissory note he received in 2012 and reported as income that year. Merchia's girlfriend, the mother of his children, signed the note and is the sole member of SleepHeart of Virginia, LLC, which purchased his company. Merchia originally claimed to the IRS that he was owed an income tax refund for the value of a promissory note for the sale of his company. He averred that the promissory note he included in his Original 2012 Return was incorrectly included and, under regulation 15a.453-1, promulgated under 26 U.S.C. § 453, the note should not have been taxed. While a taxpayer's receipt of a payment for an installment sale in a later tax year is generally treated as income in that later year, section 453(f)(4) creates an exception for obligations "payable on

2

demand." 26 U.S.C. § 453(f)(4). Under Massachusetts law, a promissory note is payable on demand if it either "(i) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder, or (ii) <u>does not state any time of payment</u>." Mass. Gen. Laws ch. 106, § 3-108(a) (emphasis added). Because the promissory note contains no date of repayment, the Magistrate Judge determined that it is payable on demand. <u>See</u> <u>Shawmut Bank, N.A. v. Miller</u>, 614 N.E.2d 668, 669 (Mass. 1993) ("The note is a demand note at least because it is an instrument in which no time for payment of principal is stated."). A note "payable on demand" "shall be treated as a payment in the year received, not as installment obligations payable in future years." 26 C.F.R. § 15a.453-1(e)(1)(i).

In his objection, Merchia for the first time argues that the "2012 note" was not a promissory note at all and is not subject to installment sale regulations. Dkt. 183 at 2. The promissory note reads:

> **PROMISSARY** [sic] **NOTE**
>
> SleepHeart of Virginia LLC, with an address at 11526 Seneca Woods Ct, Great Falls, VA 22066, hereby promises to pay Pankaj Merchia of 2715 Spanish River Rd, Boca Raton, FL 33432, the amount of $15,000,000 (fifteen million dollars) less any amounts previously paid to Pankaj Merchia for the purchase of SleepHeart LLC (a Massachusetts LLC) in 2008.
>
> This promise is a part of the previously agreed upon payment of $30,000,000 (thirty million dollars) for SleepHeart of Virginia LLC's purchase of SleepHeart LLC

3

>   (a Massachusetts LLC). This promisary [sic] note dated
>   December 31, 2012 does not create any new or additional
>   liabilities for SleepHeart of Virginia LLC that did not
>   exist previously.

Dkt. 141-15. This theory is at odds with the argument presented to the IRS and the Magistrate Judge, and it is waived. See Fireman's Ins. Co. of Newark, N.J. v. Todesca Equipment Co., Inc., 310 F.3d 32, 38 (1st Cir. 2002) (waiving arguments raised only in objection to the magistrate judge's report) (citing Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.")).

Merchia also argues that the 2012 note could not be payable on demand because SleepHeart lacked the funds to pay. Again, because the alleged insolvency of SleepHeart was not part of Merchia's initial administrative claim to the IRS for refund, the court lacks jurisdiction over this factual claim under the variance doctrine. See Muskat, 554 F.3d at 195.

Next, Merchia asks that the allegedly newly discovered 2008 agreement be considered as evidence in summary judgment. He asserts that the Report and Recommendation erred in finding the promissory note to be a payment on demand given the conditional "best-effort basis" language of the 2008 agreement. Notably, Merchia avers that he newly discovered the 2008 agreement after

4

filings for summary judgment were complete. He never submitted it to the Magistrate Judge. He says he found it on his girlfriend's father's computer, but he says the hard drive on which the agreement was discovered was later thrown out. The government moved for sanctions in response to Merchia's disclosure of the 2008 agreement because Merchia failed to provide the document during discovery or in response to the Magistrate Judge's discovery order granting, in part, the government's motion to compel. The motion was withdrawn without prejudice to refiling if the report was not adopted.

Plaintiff has not adequately explained why the 2008 agreement should be treated as newly discovered evidence. See U.S. Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 52 (1st Cir. 2002) (noting that the party seeking relief based on newly discovered evidence bears the burden of showing the evidence was discovered after summary judgment, the movant could not have discovered the evidence with due diligence, the evidence is not merely cumulative, and the evidence would probably change the result). Because the 2008 agreement was not before the IRS or the Magistrate Judge, the Court declines to consider it. See Fireman's Ins. Co. of Newark, N.J., 310 F.3d at 38.

Merchia did argue that the payment was intended on an "as-is able" basis considering the earlier agreement. Because he said he could not find the 2008 agreement, he submitted a 2014 agreement

5

that memorialized the prior agreement's terms. The Magistrate Judge discussed and rejected this argument, as the promissory note itself contains no language that payments were on an "as-is able" basis, nor does the note contain a date payment was due.

A condition in a contemporaneous or previous agreement may alter or modify a party's obligation to pay an instrument. See Mass. Gen. Laws. ch. 106 § 3-117. The Massachusetts Supreme Judicial Court held that "a note stating that it is due and payable on demand, when read in conjunction with other provisions in the note or other loan documents, might in fact be payable on demand only if the maker defaults on an obligation stated in the loan documents." Shawmut Bank, N.A., 614 N.E.2d at 670. Even still, under Shawmut, the fact that a note is subject to conditions in another agreement does not strip it of its status as a demand note. Id. at 669-671. See also Ranieri v. Terzano, 457 N.E.2d 906, 909 (Ohio Ct. App. 1983) (classifying a note as due on demand because it "specified no maturity date" even though there was a provision that the notes were payable "if and when defendants were able to pay"). Thus, even though the promissory note was subject to an "as-is able" or "best efforts" condition, this contingency does not defeat the IRS's position.

Merchia argues it was unfair that he was taxed on income that he says he did not receive because of the company's insolvency. The IRS retorts that the rules for installment sales govern the

6

transfer, and his only recourse for an unpaid note is a suit against SleepHeart of Virginia, rather than an income tax refund. While Merchia's argument has some traction, the issue of insolvency was never presented to the IRS in the administrative hearing. In sum, the Court concludes that the Magistrate Judge was correct in ruling that the promissory note is properly categorized as a payment on demand.

## ORDER

The Court **ADOPTS** the Report and Recommendation, denies the plaintiff's motion for summary judgment (Dkt. 147) and allows the defendant's motion for summary judgment (Dkt. 140).

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge