UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
PANKAJ MERCHIA,                     )
                                    )
                Plaintiff,          )
        v.                          )       Civil Action
                                    )       No. 18-10424-PBS
UNITED STATES OF AMERICA,           )
INTERNAL REVENUE SERVICE            )
DAVID KAUTTER, COMMISSIONER,        )
                                    )
                Defendant.          )
_____)
```

**ORDER**

November 29, 2021

Saris, D.J.

**INTRODUCTION**

Plaintiff Merchia moves for reconsideration of this Court's order (Dkt. 198) adopting the Magistrate Judge's report and recommendation and granting defendant's motion for summary judgment. Merchia's post-judgment motion seeks relief pursuant to Federal Rules of Civil Procedure 52(b), 59, and 60, "and any other relevant law(s)." Dkt. 202 at 1. For the following reasons, the motion for reconsideration (Dkt. 202) is **DENIED**.

**LEGAL STANDARD**

"No matter how a party titles it, 'a post-judgment motion made within [twenty-eight][1] days of the entry of judgment that

---

[1] The time to file a post-judgment motion was increased in 2009 from ten days to twenty-eight days. See Fed. R. Civ. P. 52 advisory committee's note to 2009 amendment.

1

questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)." Negron-Almeda v. Santiago, 528 F.3d 15, 20 (1st Cir. 2008) (quoting Global Naps, Inc. v. Verizon New Engl., Inc., 489 F.3d 13, 25 (1st Cir. 2007)); see also Nat'l Metal Finishing Co. v. BarclaysAmerican/Com., Inc., 899 F.2d 119, 122 (1st Cir. 1990) ("Circuit precedent suggests that challenges to the correctness of a judgment are properly construed as motions under Rule 59(e).").

## DISCUSSION

"[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Here, Merchia presents two additional affidavits and asks the Court to make additional findings of fact. Merchia does not explain why these affidavits could not have been produced earlier or how they could qualify as newly discovered evidence. The requested additional findings suggest that Merchia is arguing that the IRS was aware that the $2.25 million check was "uncashable" and that SleepHeart of Virginia was insolvent, and therefore the Magistrate Judge and this Court erred in not

2

considering those theories under the variance doctrine. See Dkt. 202, ¶¶ 1-4, 12. This position does not withstand scrutiny.

Merchia contends that both the IRS and the Magistrate Judge were "made aware" of his argument that the $2.25 million check was uncashable in 2012 because Merchia provided the IRS, as part of his financial and bank records, a check with the word "void" written across its front. Dkt. 202, ¶ 2, 4. But "it is not the IRS's responsibility to make a case for the taxpayer that the taxpayer himself has opted not to make." Muskat v. United States, 554 F.3d 183, 195 (1st Cir. 2009) (citing 26 C.F.R. § 301.6402-2(b)(1) ("The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.")). Merchia affirmatively represented receipt of the check in his administrative claim, see Dkt. 148-2 at 7, and his theory to the IRS was that the promissory note was not income until the year payment was received, see Dkt. 141-10 at 3-4.

Merchia also avers that he argued with the IRS during his administrative proceeding that SleepHeart of Virginia was insolvent. For support, Merchia cites only to Exhibit 105, ¶ 13. Because there is not an Exhibit 105 in the record, the Court assumes that Merchia intended to point to page 105, ¶ 13 of Dkt. 148-2, which reads: "On October 1, 2015 Ms. Alonzo and Ms. Peters informed Plaintiff that despite this lack of evidence

3

supporting their position, they would continue to tax him in tax year 2012 on the 'evidence of indebtedness' he had received even though he had not received the funds in 2012." This statement from Merchia's Amended Complaint does not discuss SleepHeart's alleged insolvency. He seems to be asking the Court to understand that the IRS later knew that the reason he did not receive the funds in 2012 was because SleepHeart was unable to pay at that time. If this was Plaintiff's intended support, it does not persuade the Court that the IRS was on notice that insolvency was a theory of Merchia's refund claim. Moreover, the relevant statute states that evidence of indebtedness must either be payable on demand <u>or</u> readily tradeable to be included as income. See 26 U.S.C. § 453(f)(4). Because the note was found to be payable on demand, whether or not the note could be readily traded in commerce—the point Merchia seems to be arguing in advancing the insolvency claim—would not change the outcome, and therefore does not demonstrate a manifest error of law.

## ORDER

For the reasons stated above, the motion for reconsideration is **DENIED**.

SO ORDERED.

                                       PATTI B. SARIS
                                       Patti B. Saris
                                       United States District Judge